1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. PRADO,<br>Booking #16113441,<br><br>          Plaintiff,<br><br>    vs.<br><br><br>BONNIE DUMANIS, et al.,<br><br>          Defendants. | Case No.:  3:16-cv-2309-BEN-KSC<br><br>**ORDER:**<br><br>**1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2)  DENYING MOTION FOR PRELIMINARY INJUNCTION [ECF No. 4]**<br><br>**AND**<br><br>**3)  DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Joseph A. Prado ("Plaintiff"), currently incarcerated at the George Bailey Detention Facility ("GBDF") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also filed a Motion for Preliminary Injunctive Relief (ECF No. 4), as well as Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

1

**I.      Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2);

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

*Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by a GBDF administrative lieutenant attesting to his trust account activity. *See* ECF No. 2 at 4; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff has had no monthly deposits to his account, has carried no balance over the six month period preceding the filing of his Complaint, and that his current available balance is zero. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to "exact" any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Watch Commander at GBDF to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that

the targets of frivolous or malicious suits need not bear the expense of responding.'"
*Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.    Plaintiff's Allegations**

Plaintiff's Complaint names San Diego District Attorney Bonnie Dumanis, San Diego County Sheriff William Gore, San Diego Police Chief Shelly Zimmerman, U.S. District Court Judge Huff, U.S. Magistrate Judge Gallo, and San Diego Superior Court Judges Groch and Danielson as Defendants. (ECF No. 1 at 1-2.) He then claims his Fifth Amendment right to "due process" was violated when he was falsely arrested by a "man … name[d] Price" who "notoriously entered the Hall of Justice" claimed to be his assigned probation officer, and then "managed to place a warrant out for [his] arrest." (*Id.*

4

at 2-4.) Plaintiff also references a false affidavit, perjured testimony, and an internal affairs complaint filed on March 9, 2016. (*Id.* at 5, 7.) He seeks $350,000 in general and $700,000 in punitive damages. (*Id.* at 7.)

Plaintiff has also filed multiple supplemental documents comprised of San Diego Sheriff's Department Complaint Forms and on Inmate Stationary requesting various forms of relief including a "private settlement," (ECF No. 7), copies of all "grievances and incident reports at SDCJ (San Diego County Jail)" (ECF No. 9), a request to hold Judges Huff, Gallo, and Bencivengo "in contempt" for failing to grant him relief in two other civil actions he filed in this Court (ECF No. 11),[2] and three documents addressed to the Clerk and U.S. Attorney Laura Duffy requesting that they "press charges" against GBDF and SDCJ personnel based on his treatment in, and transfers between, both facilities (ECF Nos. 13, 17, 19).

## C.    42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks

---

[2]  Indeed, Plaintiff has filed several actions in the Southern District of California over the course of the last year. Two were petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254: *Prado v. Williams, et al.*, S.D. Cal. Civil Case No. 3:16-cv-2203-CAB-BGS and *Prado v. GBDF, et al.*, S.D. Cal. Civil Case No. 3:16-cv-2414-JAH-BGS. Both of those petitions have been dismissed. Three others, in addition to this case, were filed pursuant to 42 U.S.C. § 1983: *Prado v. Gore, et al.*, S.D. Cal. Civil Case No. 3:16-cv-1436-GPC-WVG; *Prado v. Staff at GBDF, et al.*, S.D. Cal. Civil Case No. 3:16-cv-2269-AJB-MDD; and *Prado v. Gallo, et al.*, S.D. Cal. Civil Case No. 3:16-cv-2638-BAS-BLM. Both *Prado v. Gore*, 3:16-cv-1436-GPC-WVG (originally assigned to Judge Huff), and *Prado v. Staff at GBDF*, 3:16-cv-2269-AJB-MDD, have also been dismissed. Only this case, *Prado v. Dumanis, et al.*, 3:16-cv-2309-BEN-KSC, and *Prado v. Gallo, et al.*, 3:16-cv-2638-BAS-BLM, remain open.

and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## D.  Criminal Proceedings – Law Enforcement Defendants

First, to the extent Plaintiff seeks damages against law enforcement officials Dumanis, Zimmerman, and Gore, and claims they falsely arrested and prosecuted him for "sales" pursuant to Cal. Penal Code § 11352, in San Diego Superior Court Case No. SCD255529, and in violation of his Fifth Amendment right to "due process" (ECF No. 1 at 3-4), he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983, without first showing those convictions have already been invalidated. *See Heck v. Humphry*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87.

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003), *quoting Preiser v. Rodriguez*, 411 U.S. 475, 489-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the

"exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff seeks damages based on an arrest and conviction he alleges was "false" and based on perjured testimony (ECF No. 1 at 4-5), his claims amount to an attack on the validity of his underlying criminal conviction, and may not proceed pursuant to § 1983, unless his conviction has already been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489. While Plaintiff identifies no specific acts of misconduct taken by the District Attorney, County Sheriff, or Chief of Police individually during the course of his criminal proceedings, except to point to the filing of "false affidavits" and "perjury," (ECF No. 5), *see Iqbal*, 556 U.S. at 677 (noting that "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"), the Court will presume he intends to sue these law enforcement officials for acting together to wrongfully convict him in violation of "due process." (ECF No. 1 at 3).

However, such claims "necessarily imply the invalidity" of his conviction and continued incarceration. *Heck*, 512 U.S. at 487. In other words, were Plaintiff to succeed in showing that Defendants Dumanis, Zimmerman, and Gore conspired to wrongfully convict him based on false evidence or perjured testimony, an award of damages would "necessarily imply the invalidity" of his conviction and/or sentence. *Id.*, 512 U.S. at 487; *see also Guerrero v. Gates*, 442 F.3d 697, 701 (9th Cir. 2006) (finding § 1983 action stemming from allegations of wrongful arrest, malicious prosecution, and a general conspiracy of "bad behavior" among officials in connection with the plaintiff's arrest, prosecution, and incarceration were barred by *Heck*). His conviction has not been invalidated, and therefore this lawsuit is not the proper subject for a § 1983 action.

### E.    Judicial and Prosecutorial Immunity

Second, to the extent Plaintiff seeks damages against Judges Huff, Gallo, Danielson, and Groch for either presiding over his criminal proceedings or denying him

relief in his federal civil actions, his claims are legally frivolous, for "[j]udges are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). As a prosecutor, Bonnie Dumanis is likewise entitled to absolute prosecutorial immunity. *Id.* at 1076 ("Where a prosecutor acts as an advocate 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976))); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.").

Thus, for all these reasons, the Court finds Plaintiff's Complaint fails to state a claim upon which § 1983 relief may be granted, and that it therefore must be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

## III.    Motion for Preliminary Injunction

Finally, Plaintiff has filed a Motion requesting "Emergency" Preliminary Injunctive Relief (ECF No. 4). The basis for Plaintiff's Motion is far from clear, but he again refers to "testimony for perjury" and the fact that a "[]new charge [had or has] been filed against [him] by Bonnie Dumanis & [the] DA's office." (ECF No. 4 at 1, 6).

Rule 65 of the Federal Rules of Civil Procedure provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1). Plaintiff's Motion for injunctive relief does not comply with Rule 65(a)'s important procedural notice requirement because he has not shown that either his Complaint or his Motion have been served on any named Defendant.

Moreover, even if Plaintiff had properly served Defendants with notice of his Motion, it wholly lacks merit. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

As set forth in detail above, the Court has found that Plaintiff's Complaint fails to state a claim upon which relief can be granted and has dismissed his pleading sua sponte in its entirety pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims. *Id.*; *see also Asberry v. Beard*, Civil Case No. 3:13-cv-2573-WQH JLB, 2014 WL 3943459, at *9 (S.D. Cal. Aug. 12, 2014) (denying prisoner's motion for preliminary injunction because his complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and therefore he had not shown he was "likely to succeed on the merits" of any claim, that "the balance of equities tip[ped] in his favor," or the issuance of an injunction would serve the public interest (citing *Winter*, 555 U.S. at 20)).

Moreover, to the extent Plaintiff seeks this Court's intervention in any ongoing state criminal prosecution, his request is barred by *Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (holding that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings). Both traditional equitable principles and the structure of our federal system counsel against federal court injunctions barring or interfering with state criminal proceedings. *Id.* at 44; *see also Green v. City of Tucson*, 255 F.3d 1086, 1094 (9th Cir. 2001). Because it appears this is what Plaintiff asks this Court to do, he is doubly unlikely to succeed on the merits.

For these reasons, Plaintiff's Motion for Injunctive Relief (ECF No. 4) must be **DENIED.**

## IV.   Leave to Amend

Finally, while the Court would typically grant Plaintiff leave to amend in light of his pro se status, it concludes that doing so under the circumstances presented by Plaintiff's pleadings would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court*

1  *of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing

2  "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

3       Amendment is futile because even if Plaintiff could somehow allege facts to show

4  Defendants Dumanis, Zimmerman, or Gore violated his due process rights during his

5  criminal proceedings, or that Judges Huff, Gallo, Groch, and Danielson were not

6  immune, his claim for damages under § 1983 could still not yet proceed pursuant to *Heck*

7  because his attempts at invalidating his conviction, either on direct appeal, or through a

8  writ of habeas corpus, have to date been unavailing.

9       A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case

10  No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing

11  *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner*

12  *Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of

13  proceedings in other courts, both within and without the federal judicial system, if those

14  proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212,

15  1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc*., 285 F.3d 801, 803 n.2 (9th Cir.

16  2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo,*

17  *Inc*., 971 F.2d 244, 248 (9th Cir. 1992).

18       The Court takes judicial notice of its own records in both *Prado v. Williams, et al.*,

19  S.D. Cal. Civil Case No. 3:16-cv-2203-CAB-BGS and *Prado v. GBDF, et al.*, S.D. Cal.

20  Civil Case No. 3:16-cv-2414-JAH-BGS, in which Plaintiff filed writs of habeas corpus

21  seeking to challenge his state court conviction in San Diego Superior Court Case No.

22  SCD 255529 pursuant to 28 U.S.C. § 2254. Both those petitions have been dismissed.

23  The Court also takes judicial notice of docket proceeding before the California Court of

24  Appeals, District 4, Div.1, in *People v. Prado*, D070605, in which Plaintiff appears to

25  have filed a direct appeal in San Diego Superior Court Case No. SCD255529. This appeal

26  was dismissed as premature on July 11, 2016; however, and a remittur issued on Sept. 13,

27  2016. *See* http://appellatecases.courtinfo.ca.gov/ search/ case/dockets .cfm?dist

28  =41&doc_id=2148422&doc_no= D070605 (last visited Dec. 9, 2016).

Therefore, because all these proceedings reveal Plaintiff cannot amend his pleading to allege the additional facts required to show either that the underlying conviction which forms the basis of his § 1983 claims has already been invalidated, or that the Defendants he seeks to sue are not absolutely immune, the Court denies leave to amend as futile. *See Lopez*, 203 F.3d at 1127; *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (noting that leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

## V.     Conclusion and Order

For all the reasons explained the Court:

1.     **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.     **DIRECTS** the Watch Commander of GBDF, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, George Bailey Detention Facility, 446 Alta Road, Ste. 5300, San Diego, California, 92158.

4.     **DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 4).

5.     **DISMISSES** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), without leave to amend as futile.

6.     **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if

3:16-cv-2309-BEN-KSC

appeal would not be frivolous); and

       7.    **DIRECTS** the Clerk of Court to close the file.

      **IT IS SO ORDERED**.

Dated:  December 19, 2016

Hon. Roger T. Benitez
United States District Judge

12